UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

AMERICAN HIGH-INCOME TRUST, et al.,

    Plaintiffs,

v.

ALLIEDSIGNAL, INC., et al.,

    Defendants.

Misc. Case No.: 8:05mc43-T26EAJ

(Currently pending in S.D.N.Y.
The Honorable Laura Taylor Swain
under No. 02 Civ. 2506 (LTS))

## PLAINTIFFS' MOTION TO COMPEL NON-PARTY WITNESS ERNST & YOUNG LLP'S COMPLIANCE WITH SUBPOENA *DUCES TECUM*

Plaintiffs American High-Income Trust, The Bond Fund Of America, Inc., The Income Fund Of America, Inc., American Funds Insurance Series – Bond Fund, American Funds Insurance Series – High-Yield Bond Fund, Anchor Pathway Fund – High-Yield Bond Series, Capital Guardian U.S. Fixed-Income Master Fund, and Capital Guardian Global High-Yield Fixed-Income Fund (collectively, "Plaintiffs"), respectfully seek an Order compelling non-party witness Ernst & Young ("E&Y") to comply with the Subpoena *Duces Tecum* that Plaintiffs served on E&Y[1] and aver as follows:

1.     This matter is currently pending in the United States District Court for the Southern District of New York.[2] As set forth in the Complaint, Plaintiffs bring this action against three former directors of Breed Technologies, Inc. ("Breed") to recover losses resulting from Plaintiffs' purchase of Breed 9.25% Senior Subordinated Notes due 2008 (the "Bonds") based on financial statements that were materially false and misleading.

---

[1] A copy of the subpoena is attached as Ex. A.

TX032231
p39

2. The action arises out of the sale by AlliedSignal[3] of the assets of its Safety Restraints System Division ("SRS") to Breed in October, 1997, for $710 million (the "SRS Acquisition"). To finance the SRS Acquisition, Breed issued the Bonds to Plaintiffs and others. In connection with the sale of the Bonds to Plaintiffs, certain financial representations were made to Plaintiffs, including in the offering memorandum for the Bonds, regarding SRS's historical performance and the earnings that SRS reasonably could be expected to produce in 1997 and in 1998.

3. These financial representations were fraudulent. Thus, unbeknownst to Plaintiffs, the SRS historical financials were false and the projections were wildly and intentionally overstated. The Complaint alleges, *inter alia*, that AlliedSignal provided false and misleading information to Breed and Ernst & Young (which performed due diligence for Breed), that Breed and the Individual Defendants knew there were problems with the information they received in due diligence, but that these deficiencies were concealed from Plaintiffs. The false financial picture masked the fact that Breed was doomed as soon as it closed the SRS Acquisition.

4. Also relevant to the instant motion is the fact that Breed also filed an action against Honeywell relating to the SRS sale styled, *Breed Technologies, Inc. v. AlliedSignal, Inc.*, No. G-99-2478 (Cir. Ct. Fla.). The allegations in *Breed v. AlliedSignal* mirror the allegations at bar, in that Breed alleges that AlliedSignal provided false and misleading information concerning SRS in connection with the SRS Acquisition.[4] AlliedSignal has joined several third parties to that action, including E&Y. Discovery in *Breed v. AlliedSignal* is ongoing.

---

[2] A copy of the Complaint ("Compl.") is attached as Ex. B.

[3] AlliedSignal merged with Honeywell and changed the name of the combined entity to Honeywell International, Inc. For ease of reference, the Complaint often refers to Honeywell as "AlliedSignal." This Memorandum sometimes will do likewise.

[4] A copy of the Complaint in *Breed v. Allied Signal* is attached as Ex. F.

5. In 1999, less than a year and a half after the Bonds had been issued, Breed was unable to satisfy the debt service on the various credit facilities Breed had outstanding and was forced to file for bankruptcy under Chapter 11 of the Bankruptcy Code. As a result, Plaintiffs have lost in excess of $130 million.

6. Plaintiffs' subpoena requested that E&Y produce documents relevant to the claims against the Individual Defendants, including all documents relevant to showing that the information provided to Plaintiffs in connection with their purchase of the Bonds was false or misleading, and all documents relevant to showing that the Individual Defendants knew or should have known that the information being provided to Plaintiffs was false or misleading. As it was E&Y that conducted the due diligence for Breed and the Individual Defendants, E&Y's documents can be expected to shed great light on these issues central to the case.

7. In accordance with Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, the undersigned hereby certifies that he has conferred with counsel for E&Y in a good-faith effort to resolve the issues raised by this motion and that counsel were unable to agree on the resolution of the motion. E&Y has refused to comply with the subpoena in any respect.[5] Plaintiffs have attempted to resolve the matter with E&Y,[6] but E&Y has been intractable. Indeed, E&Y's counsel has failed even to return recent telephone calls from Plaintiffs' counsel seeking to obtain production from E&Y without the need for a motion.

8. In an effort to achieve a compromise, Plaintiffs are not demanding production at this juncture of the 1.5 million pages of documents that have been exchanged among the parties during discovery in *Breed v. AlliedSignal* (without prejudice to their right to renew their demand

---

[5] A copy of E&Y's objections to the subpoena is attached as Ex. C.

for some or all of those documents if they appear necessary at some later point in time), and agree to limit the subpoena at this time to Document Requests 1-9 and 11-23 of their Subpoena *Duces Tecum*.[7] In addition, Plaintiffs agree to be bound by the relevant provisions of the confidentiality order in *Breed v. Allied Signal*. E&Y has not informed Plaintiffs that any other party in *Breed v. AlliedSignal* has objected to E&Y providing the depositions and other discovery material to Plaintiffs, and no such other party has moved to quash.

9. Plaintiffs' subpoena requests that E&Y produce documents relevant to the claims against the Individual Defendants, including all documents relevant to showing that the information provided to Plaintiffs in connection with their purchase of the Bonds was false or misleading, and all documents relevant to showing that the Individual Defendants knew or should have known that the information being provided to Plaintiffs was false or misleading. In particular, the subpoena seeks, *inter alia*, the materials that E&Y collected in the course of its due diligence on the SRS Acquisition and also production of the discovery record in *Breed v. AlliedSignal*, *i.e.*, deposition transcripts and exhibits, interrogatory answers.[8]

10. For the reasons set forth in this motion and more fully elaborated in the accompanying Plaintiffs' Memorandum in Support of Motion to Compel Compliance with Subpoena *Duces Tecum*, it is respectfully submitted that Plaintiffs' motion to compel compliance with its subpoena should be granted, and that E&Y should be ordered immediately to produce all documents responsive to Requests 1-9 and 11-23 of the Subpoena *Duces Tecum* served on E&Y.

---

[6] *See* Letter from James P. McEvilly, III to Michael P. De Simone of Feb. 8, 2005 attached as Ex. D.

[7] Plaintiffs are not at this time seeking to compel E&Y to produce all documents in response to Request No. 10 due to the volume of documents exchanged between the parties in the AlliedSignal v. Breed litigation. However, Plaintiff explicitly reserves the right to request any such documents from E&Y after reviewing the documents sought in this motion.

[8] The discovery in *Breed v. AlliedSignal* is subject to a confidentiality order, a copy of which is attached as Ex. E. Plaintiffs understand that this confidentiality order is agreed to but not yet entered, and that there is an earlier
*(Cont'd)*

4

WHEREFORE, Plaintiffs respectfully request entry of an Order compelling E&Y to immediately produce all documents responsive to Document Requests 1-9 and 11-23 of Plaintiffs' Subpoena *Duces Tecum* Directed to E&Y.

OF COUNSEL:

| | | |
|---|---|---|
| GRANT & EISENHOFER P.A.<br>James P. McEvilly, III[9]<br>Chase Manhattan Centre<br>1201 North Market Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 622-7000<br>Facsimile:  (302) 622-7100<br>Attorneys for Plaintiffs | --and-- | Lansing C. Scriven, Esq.<br>LANSING C. SCRIVEN, P.A.<br>442 W. Kennedy Blvd.<br>Suite 280<br>Tampa, FL 33606<br>Telephone: (813) 254-8700<br>Facsimile: (813) 254-8710<br>Local Counsel for Plaintiffs |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL NON-PARTY WITNESS ERNST & YOUNG LLP'S COMPLIANCE WITH SUBPOENA *DUCES TECUM*** has been served by Federal Express to Kevin B. Clark, Esq., WILLKIE FARR & GALLAGHER, LLP, 1875 K. Street, N.W., Washington, D.C. 20006; Michael R. Young, Esq., WILLIKE FARR & GALLAGHER, LLP, 787 Seventh Avenue, New York, NY 10019-6099 and Michael P. DeSimone, ERNST & YOUNG, 5 Times Square, New York, NY 10036-6530 on this 27th day of April, 2005.

_____
Attorney

---

version of the order that was entered that is in material respects the same as Ex. E.

[9] In accordance with Rule 2.02(a)(1) of the Rules of the United States District Court for the Middle District of Florida, counsel will be filing a Motion to Appear *Pro Hac Vice* and Notice of Designation and Consent to Act.

# DOCUMENT, ATTACHMENTS, OR EXHIBITS NOT SCANNED

## FOR THE FOLLOWING REASON(S):

- ___ **PHYSICAL SIZE OF PAPER** (LARGER OR SMALLER THAN 8 ½ X 11)
- **X** **EXCEEDS PAGE LIMIT**
- ___ **DOUBLE-SIDED PAGES**
- ___ **BINDING CANNOT BE REMOVED WITHOUT DAMAGING DOCUMENT**
- ___ **CASE LAW**
- ___ **SOCIAL SECURITY RECORD/ANSWER**
- ___ **DEPOSITION/TRANSCRIPT**
- ___ **NON-REMOVABLE EXHIBIT TABS**
- ___ **COLORED PAPER OR COPIED PHOTOGRAPHS**
- ___ **SEALED**
- ___ **OTHER** _____

# PLEASE REFER TO COURT FILE FOR COMPLETE DOCUMENT